IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Case No. 15 C 50107 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael J. Buck, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons below, defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence [1] is denied. The court also declines to issue a certificate of appealability. The case is closed.

## STATEMENT - OPINION

On October 3, 2013, defendant Michael J. Buck pled guilty to one count of robbery affecting interstate commerce, pursuant to a plea agreement.[1] On December 20, 2013, this court sentenced defendant to a term of imprisonment of 125 months. *See* [3:12-cr-50057, Doc. 41]. Defendant filed a direct appeal on December 27, 2013, which he subsequently voluntarily dismissed on May 20, 2014. *See* [3:12-cr-50057-1, Doc. 43; 50]. On May 11, 2015, defendant filed the instant *pro se* motion for post conviction relief pursuant to 28 U.S.C. § 2255. [1]. The government has filed a response [4]. The court originally gave defendant 30 days to reply. *See* [3]. On July 17, 2015, defendant filed a motion for an extension of time [5], which the court granted, giving defendant until August 5, 2015 to file a reply [6]. Defendant has failed to file a reply and the matter is now ripe for the court's review.

Defendant first contends that his counsel was ineffective by persuading him to stipulate to facts of an uncharged bank robbery as part of the plea agreement, where the evidence was inconclusive. He claims that his counsel informed him prior to the plea that the stipulation would in no way cause him any increased punishment, but would rather only "close the case" as to that uncharged additional offense. Instead, the stipulation caused his offense level to rise and resulted in a higher sentence. Defendant argues that his plea was thus involuntary and the product of

---

[1]The indictment, guilty plea, and all other documents relating to defendant's criminal case are filed under case number 3:12-cr-50057.

1

ineffective assistance of counsel because he would not have plead guilty if his counsel had not made these representations.

Defendant next contends that his counsel failed to challenge the probation officer's calculation of nine criminal history points (putting him criminal history iv) at sentencing, and he himself was forced to object to the calculation at his sentencing hearing because his attorney refused to do so. He claims that while the court accepted the probation officer's calculation, the correct number of points was 6 (putting him at criminal history iii).[2] He argues that his plea was thus involuntary and the product of ineffective assistance of counsel because he never would have agreed to it had he known that his counsel would commit an error in calculating his criminal history.

In its response, the government accurately points out that defendant waived his right to raise a collateral attack under 28 U.S.C. § 2255 in paragraph 20(b) of his plea agreement with the government, including "any part of the sentence (or the manner in which that sentence was determined)." *See* [4], at 2; [3:12-cr-50057-1, Doc. 36, at 14].[3] The only exception is that "[t]he waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this agreement or to its negotiation[.]" *Id.* at 14-15. This provision simply reflects the well-settled Seventh Circuit holding that "appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *See Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013).

As a preliminary matter, defendant assured the court that he understood the plea agreement, entered into it willingly, and that no one forced him to sign it. *See* [3:12-cr-50057-1, Doc. 46, at 7]. Defendant acknowledged that he gave up his collateral rights in exchange for a substantial benefit, namely the government agreeing to voluntarily dismiss Count Two of the indictment, which would have carried a mandatory consecutive sentence of seven years in addition to his sentence on Count One. *Id.* at 16-20. Thus, the plea agreement is presumed enforceable, and defendants arguments will only be considered to the extent that he claims he would not have pleaded guilty or accepted the plea agreement but for counsel's error in convincing him to do so. *See Hurlow*, 726 F.3d, at 964 ("It is

---

[2]Defendant argues that several of his prior offenses should have been considered a single offense because he was sentenced as to all of them on the same day. The court ruled, pursuant to Guideline §4A1.2 ¶ 2, that the prior offenses were separate offenses because they were separated by intervening arrests.

[3]In its order setting a briefing schedule in this matter, the court pointed to the Attorney General's October 14, 2014 internal memorandum regarding the government's internal policy regarding plea waivers. *See* [3]. The court construes the government's decision not to invoke that policy as a decision to fully enforce the plea agreement.

well-settled that waivers of direct and collateral review in plea agreements are generally enforceable.").[4]

Defendant's first argument, that counsel was ineffective for failing to inform him that his stipulation to the uncharged bank robbery in paragraph 7 of the plea agreement would influence his sentence, is patently without merit. First, the plea agreement itself, which defendant asserted that he read and understood, states that the bank robbery stipulation was "for purposes of computing [defendant's] sentence under Guideline §1B1.2." [3:12-cr-50057-1, Doc. 36, at 3-4]. In addition, the court engaged in a lengthy colloquy with defendant at his change of plea hearing in which defendant acknowledged that the stipulation could affect his sentence:

| | |
|---|---|
| The Court: | And do you understand that you're not being charged with it, but that could affect the guidelines in the case? |
| Defendant Buck: | Yes, sir. |
| The Court: | And it could affect what the overall sentence is. |
| Defendant Buck: | Yes, sir. |
| The Court: | Do you understand that? |
| Defendant Buck: | Yes, sir. |
| The Court: | And specifically then as it relates to paragraph seven, you've read that, and you agree to those facts, stipulate to those facts. |
| Defendant Buck: | Yes, sir. |

[3:12-cr-50057-1, Doc. 46, at 10-11]. By his own statements, it is clear that defendant understood that his stipulation would potentially affect his sentence in this case, and thus there is no basis to find ineffective assistance of counsel or involuntariness with regard to defendant's plea on that basis.

Defendant's second argument, that his plea was involuntary because counsel misled him in believing that his criminal history category would be lower, is also without merit. First, in his 28 U.S.C. § 2255 motion before this court, defendant stated that his "plea was involuntary, and that it was misguided by counsel" in part because "counsel stated his review determined that Buck would be classified at offense level 26, and criminal history category iv." *See* [1] at 14. To the extent

---

[4]For this reason, the court will not consider defendant's arguments that his counsel was ineffective at the sentencing hearing, since these arguments have clearly been waived by his plea agreement. *See United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("There is no doubt that a defendant may waive his right to challenge a sentence not yet imposed, including challenges based on the ineffectiveness of his counsel at sentencing. We have repeatedly enforced such waivers and dismissed appeals contending that the defendant was deprived of the effective assistance of sentencing counsel.") (citations omitted).

3

defendant argues he was induced to plead guilty due to counsel's representations that he would be classified at criminal history category iv, he has shown no prejudice because in fact he was classified at criminal history category iv at sentencing. *See* [3:12-cr-50057-1, Doc. 47, at 11].

Additionally, to the extent he argues counsel was ineffective for failing to inform him prior to his plea that counsel would not make an objection to the probation officer's calculations, defendant has made no showing of prejudice. First, defendant acknowledged during his change of plea hearing that he understood that the court would make an independent determination of the proper guidelines calculation and that he could not withdraw his plea simply because the court did not accept his recommendation as to the sentencing guidelines. *See* [3:12-cr-50057-1, Doc. 46, at 8-9]. Moreover, defendant himself objected to the calculation of his criminal history points at sentencing, an argument which the court considered at length before making an independent determination and ruling against him. *See* [3:12-cr-50057-1, Doc. 47, at 3-10]. And finally, after the court ruled against him, defendant reaffirmed that he did not wish to withdraw his plea despite having previously believed that he would qualify for a lower criminal history category:

> The Court: Now, just to make clear, you understand that you've made this argument. I've ruled against you. There's no appeal from this. You gave up your appeal rights. You understand that.
>
> Defendant Buck: I mean, I ain't got no choice, yes. Yes sir, but I mean – yes, sir, I do.
>
> The Court: You put your fate in my hands on legal issues, as well as sentencing issues, and I told you that and that I'd be the last one to decide your case. And you've given up your right to appeal, and you've received a huge benefit from it, and I'll get into that later. I mean, if you want to withdraw the plea agreement, I don't know that I'd let you do it, but I don't think it would be wise.
>
> Defendant Buck: Your Honor, I'm not worried about that part. I mean, I committed the crime, and I'm going to take responsibility. I just was kind of duped over the process of this because I felt like I was under a different guideline when I decided to take this plea. Now it will put three more years onto it.

*Id.* at 9. Thus, defendant's contention that he would not have pleaded guilty absent counsel's alleged error is without merit.[5] As such, his motion for relief under 28 U.S.C. § 2255 must fail.

---

[5]Moreover, counsel was not ineffective because, as the court discussed at length during the sentencing hearing itself, counsel's interpretation of Guideline §4A1.2 ¶ 2 was accurate. *See* [3:12-cr-50057-1, Doc. 47, at 3-10].

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While defendant attempted to raise constitutional issues in his § 2255 motion, the court finds his collateral claims are either waived or without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court denies defendant's 28 U.S.C. § 2255 petition to the extent he argues ineffective assistance in pleading guilty pursuant to the plea agreement. To the extent defendant raises other claims, his petition is dismissed pursuant to the plea agreement waiver. The court declines to issue a certificate of appealability. The case is terminated.

Date: 9/01/2015             ENTER:

                                             _____
                                             United States District Court Judge

Notices mailed by Judicial Staff. (LC)

5